1 F.3d 1232
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Wallace S. DAVIS, Plaintiff-Appellant,
v.
Glynis SMITH; Paramount Studios; Jefferson Pilot
Broadcasting Company, Channel 12; Sergeant J.
Berry; Virginia Department of
Corrections,
Defendants-
Appellees.
Wallace S. DAVIS, Plaintiff-Appellant,
v.
Glynis SMITH; Paramount Studios; Jefferson Pilot
Broadcasting Company, Channel 12; Sergeant J.
Berry; Virginia Department of
Corrections,
Defendants-
Appellees.
 Nos. 93-6457, 93-6587.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 16, 1993.
Decided: August 4, 1993.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CA-91-747-AM)
 Wallace S. Davis, Appellant Pro Se.
 Ira C. Wolpert, Foley & Lardner, Washington, D.C.; William Edwin Eshelman, Foley & Lardner, Alexandria, Virginia; James LeRoy Banks, Jr., Christian, Barton, Epps, Brent & Chappell, Richmond, Virginia, for Appellees.
 E.D.Va.
 DISMISSED IN NO. 93-6457 AND AFFIRMED IN PART AND DISMISSED IN PART IN NO. 93-6587.
 Before NIEMEYER, HAMILTON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 In Case No. 93-6457, Wallace S. Davis appeals the district court's denial of his "Motion for Order Granting Plaintiff Copies without Prepayment of Cost by Prison," motion for reconsideration of the denial thereof, and motion for default judgment. We dismiss the appeal for lack of jurisdiction because the orders are not appealable. This Court may exercise jurisdiction only over final orders, 28 U.S.C. Sec. 1291 (1988), and certain interlocutory and collateral orders, 28 U.S.C. Sec. 1292 (1988); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). The orders here appealed are neither final orders nor appealable interlocutory or collateral orders. We dismiss this appeal as interlocutory.
 
 
 2
 In Case No. 93-6587, Davis appeals the district court's denial of his "Motion for Joinder of Parties Defendants," "Motion for Relating Back to Original Complaint and Enjoining Additional Defendants," and "Independent Ground for Relief of Copyright Infringement and Motion to Enjoin Defendants." We dismiss the appeal of the "Motion for Joinder of Parties Defendants" for lack of jurisdiction because the order is not an appealable final, interlocutory, or collateral order. As to the "Motion for Relating Back to Original Complaint and Enjoining Additional Defendants," our review of the record reveals that no order denying said motion has been filed in the case, thereby rendering the appeal of that motion subject to dismissal as frivolous. 28 U.S.C. Sec. 1915(d) (1988). If, however, the district court's general reference to, and denial of, the motion to join additional defendants can be construed to include the "Motion for Relating Back to Original Complaint and Enjoining Additional Defendants," then the appeal therefrom would be subject to dismissal as interlocutory. We find both of these alternative grounds sufficient to warrant the dismissal of the appeal of the "Motion for Relating Back to Original Complaint and Enjoining Additional Defendants."
 
 
 3
 Although interlocutory, the denial of Davis' "Independent Ground for Relief of Copyright Infringement and Motion to Enjoin Defendants" is immediately appealable because of its request for injunctive relief. 28 U.S.C.A. Sec. 1292(a)(1) (West Supp. 1993). Given Davis' failure to establish clearly his entitlement to the extraordinary remedy of injunctive relief, Murrow Furniture Galleries, Inc. v. Thomasville Furniture Indus., 889 F.2d 524, 526 (4th Cir. 1989), and his adequate alternative remedy under the law of copyright, see Sampson v. Murray, 415 U.S. 61, 90 (1974) (available alternative remedies preclude required finding of irreparable injury), we find the district court did not abuse its discretion in denying the "Independent Ground for Relief of Copyright Infringement and Motion to Enjoin Defendants." Hence, we affirm the denial of that motion on the reasoning of the district court. Davis v. Smith, No. CA-91-747-AM (E.D. Va. May 25, 1993).
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED
 AFFIRMED IN PART, DISMISSED IN PART